Maceo JONES, Plaintiff–Appellant,

v.

Marion S. BARRY, Mayor; Margaret Moore, Director, District of Columbia Department of Corrections; Doc R. Crant, President and Chairman, Corrections Corporation of America; Willis Gibson, Warden, Corrections Corporation of America; Adrienne Poteat, Assistant Director, Corrections Corporation of America; Rob Adams, Chief of Security; Darren Swenson, Chief of Security; T. Robinson, Captain Shift Supervisor; Denise Young, Classification Supervisor; Denise King, Program Classification Supervisor; Jay Smith, Assistant Warden of Programs; Jimmy Turner, Warden; Jason D. Medlin, Captain Shift Commander; John/Jane Doe, also known as Officer Cunningham, also known as Sgt. Crawford, also known as Lt. Thomas; Donald Dorsey, Warden, Torrance County Correctional Facility; J. Preston, Sergeant, Torrance County Correctional Facility; Clifford Harris, Correctional Officer, Torrance County Correctional Facility; Edward Hines, Assistant Commanding Officer, Torrance County Correctional Facility; Arthur L. Johannes, Officer, Torrance County Correctional Facility; Wayne A. Rice, Officer, Torrance County Correctional Facility; John/Jane Doe, Commander, Torrance County Correctional Facility, also known as Oberge; Felix Gonzales, Correctional Officer, Torrance County Correctional Facility; Kimberly Bullock, Correctional Officer, Torrance County Correctional Facility; John/Jane Doe, Commander, Torrance County Correctional Facility,

also known as Carpenter; John Pennycuff, Security, Torrance County Correctional Facility; Ann Garcia, Director of Programs, Torrance County Correctional Facility; Juan Ibarra, Unit Manager, Torrance County Correctional Facility; Tre O'Brien, Hospital Administrator, Torrance County Correctional Facility; Judy Marrow, Nurse, Torrance County Correctional Facility; Jane Doe, Nurse, Torrance County Correctional Facility, also known as Elaine; Rusty Smith, Chaplain, Torrance County Correctional Facility, Defendants–Appellees.

No. 01–2092.

United States Court of Appeals,
Tenth Circuit.

April 25, 2002.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Maceo Jones, an inmate appearing pro se, appeals the district court's interlocutory order, designated as a final judgment for appeal pursuant to Fed. R.Civ.P. 54(b), dismissing most of the claims asserted in his amended civil rights complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and dismiss in part, affirm in part, reverse in part and remand.

### I.

In January 1999, Mr. Jones filed his original complaint under 42 U.S.C. § 1983 in the United States District Court for the District of Columbia, asserting various constitutional claims arising from his incarceration at a private prison in Youngstown, Ohio (Youngstown Prison). Corrections Corporation of America (CCA) operated the Youngstown Prison pursuant to a contract with the District of Columbia, and Mr. Jones named as defendants three officials of the District of Columbia, the chairman and president of CCA, and certain employees of CCA who worked at the Youngstown Prison. Mr. Jones also alleged that he had been subsequently transferred to another private prison operated by CCA in Torrance County, New Mexico (Torrance Prison), and he claimed that the transfer violated CCA's contract with the District of Columbia and that the physical conditions under which he was transported to New Mexico violated the Eighth Amendment.

Defendants filed a motion to dismiss Mr. Jones' original complaint. Before the court ruled on the motion, Mr. Jones filed an amended complaint in the District of Columbia. In his amended complaint, Mr. Jones alleged various constitutional claims arising from his incarceration at the Torrance Prison,[1] and he named as defendants the same three officials of the District of Columbia (Marion Barry, Margaret Moore, and Andrienne Poteat[2]), the chairman and president of CCA (Doc R. Crant), and certain employees of CCA who worked at the Torrance Prison, including the warden (Donald Dorsey). Defendants objected to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Jones also renewed his claim that his transfer to the Torrance Prison violated CCA's contract with the District of Columbia. Because the District of Columbia district court dismissed this claim when it dismissed Mr.

Jones' original complaint, we do not need to address this aspect of Mr. Jones' amended complaint.

2. Although Ms. Poteat is not named as a defendant in the section of Mr. Jones' amended complaint where he lists the named defendants, she is referred to as a defendant in the body of the amended complaint, and we will treat her as a named defendant for purposes of this appeal.

the filing of Mr. Jones' amended complaint and requested that it be dismissed without prejudice, arguing that it was not a proper supplemental complaint under Fed. R.Civ.P. 15(d) since it involved claims that were unrelated to the claims in the original complaint.

In August 2000, the District of Columbia district court dismissed Mr. Jones' original complaint. However, the court did not enter a final judgment, and it refused to dismiss Mr. Jones' amended complaint. Instead, after noting that the claims in the amended complaint relate to events that occurred in New Mexico, the court ordered the "case" transferred to the District of New Mexico for further proceedings. *See* D.C. R., Doc. No. 22 at 9 and Doc. No. 23. The original case file was then transmitted to the District of New Mexico, and no further proceedings have taken place in the District of Columbia.

In February 2001, the District of New Mexico district court dismissed most of the claims in Mr. Jones' amended complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(b)(6). Specifically, the court dismissed: (1) all claims asserted against defendants in their official capacities; (2) all claims related to alleged violations of freedom of religion, procedural due process rights, contractual provisions, filing false reports, unreasonable search, and injunctive relief; and (3) all claims asserted against defendants Dorsey, Oberge, Bullock, Carpenter, Pennycuff, Garcia, Ibarra, O'Brien, Marrow, Elaine _____, and Smith. *See* R., Doc. No. 5 at 5–6. The court also entered a final judgment on the dismissed claims under Fed.

R.Civ.P. 54(b). *See id.* at Doc. No. 6 at 1–2. However, the court did not dismiss the claims Mr. Jones asserted against defendants Preston, Harris, Gonzales, and Hines for use of excessive force and denial of medical treatment relating to an incident that occurred at the Torrance Prison on February 11, 1999.

Mr. Jones is appealing the final judgment entered by the New Mexico district court, claiming that the court erred in dismissing the above-noted claims sua sponte and in failing to construe his pro se allegations liberally.[3] Mr. Jones is also attempting to appeal the District of Columbia district court's dismissal of his Eighth Amendment claim relating to his transfer to the Torrance Prison.

II.

The New Mexico district court dismissed Mr. Jones official capacity claims as frivolous under § 1915(e)(2)(B)(i), finding that the claims are barred by the Eleventh Amendment. The court dismissed the other claims for failure to state a claim under § 1915(e)(2)(B)(ii) and Rule 12(b)(6). We review a dismissal for frivolousness for an abuse of discretion. *See Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir.1997). We review a dismissal for failure to state a claim de novo. *See Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir.1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* In applying this standard, we

---

**3.** Mr. Jones also claims that both district courts erred by failing to rule on his motion for appointment of counsel. However, the District of Columbia district court considered and denied his motion for appointment of counsel. *See* D.C. R., Doc. No. 19. "The decision whether to appoint counsel in a civil case is left to the sound discretion of the trial court," *see Blankenship v. Meachum,* 840 F.2d 741, 743 (10th Cir.1988), and we see no abuse of discretion here. We also note that Mr. Jones' motion was denied without prejudice, and he can therefore renew it on remand.

accept the allegations of the complaint as true, and we liberally construe the allegations of a pro se complaint. *See id.*

### A. Sua Sponte Dismissal

■ We reject Mr. Jones' claim that the district court erred by granting a dismissal sua sponte without notice or a hearing. First, § 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond. Second, a court may sua sponte dismiss a complaint under Rule 12(b)(6) when it is patently obvious that the plaintiff cannot prevail on the facts alleged, and allowing an opportunity to amend would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.1991). Further, we have expressly adopted "the majority view that sua sponte dismissal of a meritless claim that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 274, 151 L.Ed.2d 201 (2001). Nonetheless, a "district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Id.*

### B. Dismissed Claims

We affirm the New Mexico district court's entry of judgment on Mr. Jones' claims for alleged violations of freedom of religion, procedural due process rights, contractual provisions, filing false reports, unreasonable search, and injunctive relief for substantially the same reasons set forth in the memorandum opinion and order entered by the court on February 21, 2001. *See* R., Doc. No. 5 at 2–7. We also affirm the court's entry of judgment in favor of defendants Dorsey, Oberge, Bullock, Carpenter, Pennycuff, Garcia, Ibarra, O'Brien, Marrow, Elaine ——, and Smith for substantially the same reasons set forth in the court's memorandum opinion and order.[4] *Id.*

### C. Official Capacity Claims

■ The only named defendants that can be sued in their official capacities are the three officials of the District of Columbia.[5] Although Mr. Jones does not state in his amended complaint whether he is suing these defendants in their official capacities, we will liberally construe his amended complaint to include official capacity claims given the fact that the New Mexico district court dismissed the amended complaint before any proceedings could be conducted

4. The New Mexico district court did not address the claims Mr. Jones asserted in his amended complaint against defendant Johannes, and the court will need to address the claims on remand. In addition, while the court indicated in its memorandum opinion and order that it was dismissing the claims against defendant Rice, *see* R., Doc. No. 5 at 5, defendant Rice is not listed among the dismissed defendants at the conclusion of the opinion or in the court's judgment and final order of dismissal. Thus, the court will also need to clarify its disposition of the claims against defendant Rice on remand.

5. Defendants have informed the court, and Mr. Jones does not dispute, that the Torrance Prison is a private facility that is operated by CCA pursuant to a contract with the District of Columbia and the United States Marshals Service. *See* Appellees' Brief at 3 n. 2. As a result, the CCA defendants are not state actors, and they do not have an "official capacity" as that term is used under the Eleventh Amendment. This is not to say, however, that the CCA defendants cannot be held personally liable under § 1983. In 1979, Congress amended § 1983 to include acts committed under color of the law of the District of Columbia, and we will assume for purposes of this appeal that the CCA defendants are District of Columbia actors for purposes of § 1983.

thereon. *Cf. Houston v. Reich,* 932 F.2d 883, 885 (10th Cir.1991) (holding that "if the complaint does not clearly indicate that defendants are being sued individually and/or in their official capacities, the determination must be made by reviewing the course of the proceedings") (quotation omitted).

The New Mexico district court committed an error of law when it determined that the official capacity claims are barred by the Eleventh Amendment. Eleventh Amendment immunity only applies to states, and the District of Columbia is not a state. *See LaShawn A. ex rel. Moore v. Barry,* 144 F.3d 847, 853 n. 7 (D.C.Cir. 1998). Thus, the District of Columbia defendants are not entitled to Eleventh Amendment immunity with respect to the official capacity claims.

For purposes of § 1983, the District of Columbia is treated like a municipality, and "[a] section 1983 suit for damages against [District of Columbia] officials in their official capacities is thus equivalent to a suit against the [District of Columbia] itself." *Atchinson v. Dist. of Columbia,* 73 F.3d 418, 424 (D.C.Cir.1996). As a result, for Mr. Jones to recover on his official capacity claims, he must establish that a policy or custom of the District of Columbia was the moving force behind the alleged constitutional deprivations. *See Daskalea v. Dist. of Columbia,* 227 F.3d 433, 441 (D.C.Cir.2000).

As noted above, the New Mexico district court did not dismiss Mr. Jones' claims against defendants Preston, Harris, Gonzales, and Hines for use of excessive force and denial of medical treatment. Even if we liberally construe his amended complaint, Mr. Jones has not adequately al-

leged that the operative conduct of these defendants was the result of a policy or custom of the District of Columbia. Nonetheless, we cannot definitively say at this juncture that it would be futile to give him an opportunity to amend his pleadings to attempt to state such a claim. Accordingly, we reverse the judgment entered by the New Mexico district court on the official capacity claims. In doing so, we make no ruling regarding whether Mr. Jones can state a municipal liability claim against the District of Columbia for the excessive force and denial of medical treatment claims, an issue the New Mexico district court has not addressed.

### D. Supervisory Liability

In his amended complaint, Mr. Jones named the warden of the Torrance Prison, Donald Dorsey, as a defendant.[6] However, the New Mexico district court only addressed defendant Dorsey's liability in the context of Mr. Jones' procedural due process claim.

■ A supervisor is liable under § 1983 if the plaintiff can establish "that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1187 (10th Cir. 2001) (quotation omitted), *petition for cert. filed,* 70 U.S.L.W. 3581 (U.S. Feb. 26, 2002) (No. 01–1339). Even if we liberally construe his amended complaint, Mr. Jones has not stated a claim for supervisory liability against defendant Dorsey for the excessive force and denial of medical treatment claims. Again, however, we

---

**6.** As noted above, Mr. Jones also asserted claims against the president and chairman of CCA, Doc R. Crant, in his amended complaint. However, the New Mexico district court did not address the claims against defendant Crant, and the court will need to address the claims on remand.

cannot definitively say at this juncture that it would be futile to give him an opportunity to amend his pleadings to attempt to state such a claim. Accordingly, we reverse the judgment entered by the New Mexico district court in favor of defendant Dorsey to the extent it covered supervisory liability for the excessive force and denial of medical treatment claims. In doing so, we make no ruling regarding whether Mr. Jones can state a claim for supervisory liability against defendant Dorsey, an issue the New Mexico district court has not addressed.

E. Prison Transfer

 We have no jurisdiction over Mr. Jones' Eighth Amendment claim relating to his transfer to the Torrance Prison. The District of Columbia district court dismissed that claim as part of its order dismissing Mr. Jones' original complaint, *see* D.C. R., Doc. No. 22 at 8–9, and the court then transferred the entire "case" to the District of New Mexico without entering a final judgment on the claims in the original complaint, *see id.* at Doc. 23.[7] Further, the New Mexico district court did not include the prison transfer claim in the Rule 54(b) certification that is presently before this court. We therefore have no jurisdiction to consider the prison transfer claim as part of this appeal and that claim is dismissed for lack of jurisdiction.

DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings. The district court granted Mr. Jones' motion to proceed in forma pauperis on appeal, payable in partial payments. We remind Mr. Jones of his obligation to make partial payments until the entire fee is paid.

---

7. Because the District of Columbia district court did not sever the claims in the original complaint or enter a final judgment on the claims under Fed.R.Civ.P. 54(b) before transferring the case to the District of New Mexico, the prison transfer claim is presently a part of the case pending before the New Mexico district court. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1518–20 (10th Cir.1991) (holding that § 1404(a) only authorizes the transfer of an entire action, and that a district court may not transfer part of a case and maintain jurisdiction over another part unless the court severs part of the case under Rule 21 or certifies part of the case as a final judgment under Rule 54(b)). Thus, in order to appeal the dismissal of his prison transfer claim, Mr. Jones needs to either move for a Rule 54(b) certification of the claim in the New Mexico district court or move to have the claim severed and retransferred to the District of Columbia and then request the entry of a final judgment there. *Id.* at 1521.