**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MACEO JONES,

      Plaintiff-Appellant

v.

MARION S. BARRY, Mayor;
MARGARET MOORE, Director,
District of Columbia Department of
Corrections; DOCTOR GRANT,
President, Corrections Corporation of
America; WILLIS GIBSON, Warden,
Corrections Corporation of America;
ROB ADAM, Chief of Security;
DARREN SWENSON, Chief of
Security; T. ROBINSON, Captain
Shift Supervisor; DENISE YOUNG,
Classification Supervisor; DENISE
KING, Program Classification
Supervisor; JAY WARDEN OF
PROGRAMS OF CCA; JIMMY
TURNER, Warden; JASON D.
MEDLIN, Captain Shift Commander;
CORRECTIONS CORPORATION OF
AMERICA; JOHN/JANE DOE, also
known as Officer Cunningham, also
known as Sgt. Crawford, also known
as Lt. Thomas; DONALD DORSEY,
Warden, Torrance County Correctional
Facility; J. PRESTON, Sergeant,
Torrance County Correctional Facility;
CLIFFORD HARRIS, Correctional
Officer, Torrance County Correctional
Facility, EDWARD HINES, Assistant

No. 03-2301
(D.C. No. CIV-00-1370 MB/RHS)
(New Mexico)

Commanding Officer, Torrance County Correctional Facility; JOHN/JANE DOE, also known as Oberge, Commander, Torrance County Correctional Facility; FELIX GONZALES, Correctional Officer, Torrance County Correctional Facility; KIMBERLY BULLOCK, Correctional Officer, Torrance County Correctional Facility; JOHN/JANE DOE, also known as Carpenter, Commander, Torrance County Correctional Facility; JOHN PENNYCUFF, Security, Torrance County Correctional Facility; ANN GARCIA, Director of Programs, Torrance County Correctional Facility; JUAN IBARRA, Unit Manager, Torrance County Correctional Facility; TRE O'BRIEN, Hospital Administrator, Torrance County Correctional Facility; JUDY MARROW, Nurse, Torrance County Correctional Facility; JANE DOE, also known as Elaine, Nurse, Torrance County Correctional Facility; RUSTY SMITH, Chaplain, Torrance County Correctional Facility; ARTHUR JOHANNES, Officer, Torrance County Correctional Facility; WAYNE RICE, Officer, Torrance County Correctional Facility; DONALD DORSEY, Warden, Torrance County Correctional Facility; ADRIENNE POTEAT, Assistant Director, Corrections Corporation of America; J. PRESTON, Correctional Officer, Torrance County Correctional Officer; FELIX GONZALES, Correctional Officer, Torrance County Correctional

Officer,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Maceo Jones is a *pro se* prison inmate who seeks leave to appeal *in forma pauperis* the district court's order dismissing all claims against all defendants due to Mr. Jones' failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).

This case has a complicated procedural history which began in January 1999, when Mr. Jones filed his original complaint in the United States District Court for the District of Columbia under 42 U.S.C. § 1983 alleging various constitutional claims arising from his incarceration at a private prison in Youngstown, Ohio. Corrections Corporation of America (CCA) operated the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prison under a contract with the District of Columbia. Mr. Jones named as defendants three officials of the District of Columbia, the chairman and president of CCA, and various employees of CCA who worked at the Youngstown prison. Mr. Jones also alleged he was unlawfully transferred to another private prison operated by CCA in Torrance County, New Mexico. He claimed the transfer violated CCA's contract with the District of Columbia and the physical conditions under which he was transported to New Mexico violated the Eighth Amendment. Mr. Jones was subsequently transferred to a prison in Virginia.

Defendants filed a motion to dismiss Mr. Jones' complaint. Before the court ruled on the motion, Mr. Jones filed an amended complaint in October 2000, alleging a variety of constitutional claims arising from his incarceration at the Torrance prison. His claims included allegations of excessive force, an unreasonable search, and the denial of medical treatment, due process and religious freedom. Mr. Jones named as defendants the same three officials of the District of Columbia, the chairman and president of CCA, and certain employees of CCA who worked at the Torrance prison. The District of Columbia district court dismissed Mr. Jones' original complaint, allowed the amended complaint to stand, and ordered the case transferred to federal court in New Mexico.

The district court in New Mexico dismissed most of the claims alleged in Mr. Jones' amended complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and

-4-

FED. R. CIV. P. 12(b)(6).  It dismissed all of Mr. Jones' claims against defendants in their official capacities.  It dismissed all other claims against defendants except for Mr. Jones' allegations against defendants Preston, Harris, Gonzales, and Hines for use of excessive force and denial of medical treatment arising from an incident that occurred at the Torrance prison on February 11, 1999.  The court entered a final judgment on the dismissed claims under FED. R. CIV. P. 54(b).  Mr. Jones appealed to this court.

In large measure, we affirmed the rulings of the district court.  *See Jones v. Barry*, 33 Fed. Appx. 967, 971 (10th Cir. April 25, 2002).  However, we reversed the court's dismissal of all official capacity claims.  *Id.* at 971-72.  In remanding the case for further proceedings, we noted the court did not fully address or dispose of Mr. Jones' claims against defendants Johannes and Rice, *id.* at 971 n.4, and directed the court to clarify its disposition of those claims.

On remand, the district court *sua sponte* dismissed defendants Rice and Johannes, noting it had inadvertently omitted the dismissal of those defendants in its earlier opinion and judgment and detailing its reasoning for dismissing them.  The remaining defendants then moved for dismissal on a number of grounds, including Mr. Jones' failure to exhaust his administrative remedies.  In an order dated October 27, 2003, the district court granted the motions to dismiss on failure to exhaust grounds and dismissed Mr. Jones' complaint without prejudice.

Mr. Jones appeals the district court's most recent order.

Three of Mr. Jones' allegations remained after remand: an excessive force claim, a denial of medical treatment claim, and an unlawful transfer claim. Defendants argue that the subsequent dismissal of Mr. Jones' complaint should be affirmed for two reasons. First, defendants assert Mr. Jones' complaint was properly dismissed under the "total exhaustion" rule because he failed in any manner to grieve his unlawful transfer claim. Second, defendants claim Mr. Jones has not exhausted his administrative remedies regarding the excessive force and medical treatment claims because he did not pursue those grievances to their conclusion. We review *de novo* a district court's finding of failure to exhaust administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Additionally, we construe a *pro se* litigant's pleadings liberally, but we need not accept conclusory allegations without supporting factual averments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740- 41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons*, 355

F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted). In a §

1983 action, the burden is on the prisoner to sufficiently plead exhaustion of

administrative remedies under § 1997e(a), which includes supplying supporting

information or documentation of the exhaustion of his prison grievance

proceedings. *Id.* at 1209-10. "An inmate who begins the grievance process but

does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for

failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. In

addition, the PLRA contains a total exhaustion requirement, and "the presence of

unexhausted claims in [a prisoner's] complaint require[s] the district court to

dismiss his action in its entirety without prejudice." *Ross v. County of Bernalillo*,

365 F.3d 1181, 1189 (10th Cir. 2004).

Mr. Jones has attached copies of six grievance forms to his complaint.

None of the grievances refer to Mr. Jones' unlawful transfer claim and nowhere

does Mr. Jones assert that he either grieved that claim or exhausted his

administrative remedies as to that claim. Instead, Mr. Jones argues that CCA

failed to respond to his grievances and thus, under *Jernigan*, 304 F.3d at 1032, he

should be deemed to have exhausted this claim. "While we agree that the failure

to respond to a grievance within the time limits contained in the grievance policy

renders an administrative remedy unavailable," *id.*, that is not what appears to

have happened in this case. In fact, there is no evidence that Mr. Jones ever

attempted to grieve his prison transfer claim. Mr. Jones "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." *Id*. at 1033.

Nor has Mr. Jones sufficiently pled that he fully exhausted his excessive force and medical treatment claims. Mr. Jones contends his transfer from the Torrance prison to the prison in Virginia excuses him from having to fully exhaust these claims. We cannot agree. The Supreme Court has "stress[ed] the point" that there are no "futility or other exceptions" to the PLRA's exhaustion requirement. *Booth*, 532 U.S. at 741 n.6. "Even where the 'available' remedies would appear to be futile . . . the prisoner must exhaust the administrative remedies available." *Jernigan*, 304 F.3d at 1032. Thus, the district court correctly dismissed Mr. Jones' action without prejudice.

Defendants also seek affirmation of the district court's *sua sponte* dismissal of defendants Rice and Johannes with prejudice. The district court dismissed these defendants after remand because their names were "inadvertently omitted" from the list of defendants the court intended to dismiss in its first *sua sponte* opinion. We generally review the district court's dismissal with prejudice for an abuse of discretion. *Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997). Mr. Jones, however, does not even challenge on appeal the dismissal of defendants Rice or Johannes. The notice of appeal in this case specifies for this

-8-

court's review only the district court's October 27, 2003 judgment dismissing Mr. Jones' complaint for failure to exhaust available administrative remedies. To the extent Mr. Jones may be attempting to appeal the dismissal of defendants Rice and Johannes, these issues have not been properly raised and we will not consider them. *See Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997) (noting court's lack of jurisdiction to review issues contained in parts of orders not identified in notice of appeal); *see also* FED. R. APP. P. 3(c)(1)(B) (stating notice of appeal must "designate the judgment, order, or part thereof being appealed"). Even assuming, *arguendo*, that Mr. Jones had properly appealed this issue, our review of the record convinces us that the court did not abuse its discretion in dismissing defendants Rice and Johannes with prejudice.

We **AFFIRM** the district court's judgment against Mr. Jones. Mr. Jones' request to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 is granted, but we remind Mr. Jones of his obligation to continue to make partial payments until his entire fee has been paid.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge