**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY A. MONTANA,

    Plaintiff-Appellant,

v.

STEVE HARGETT, Warden; RUDY
MARTINEZ, Unit 2-Manager; ANGELA
ALCON, C.O.; SHERRI VAN METER,
C.O.,

    Defendants-Appellees.

No. 03-1237

(D.C. No. 03-Z-392)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Johnny Montana, a pro se state prisoner incarcerated in Colorado, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse and remand.

Montana's complaint alleged (1) in June 2002, defendant correctional officers read, confiscated, and discarded his legal materials and discarded photographs of his deceased wife; and (2) in September 2002, unidentified staff lost a box of his legal materials. The district court dismissed the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Montana requested leave to file an amended complaint two weeks prior to the court's dismissal, but the court never addressed the motion to amend.

Although the district court apparently dismissed the complaint as frivolous pursuant to § 1915(e)(2)(B)(i), the gist of its order is that Montana's complaint fails to state a claim upon which relief can be granted. Therefore, we will treat the order as a dismissal pursuant to § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."

We review de novo the district court's dismissal of a complaint under § 1915(e)(2) for failure to state a claim. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). We accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff. See id. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

2

facts he has alleged and it would be futile to give him an opportunity to amend." Id.

On appeal, Montana challenges both the dismissal on the merits and failure to grant leave to amend his complaint. We address the merits first because we need only address the motion to amend if we agree with the district court that the original complaint failed to state a claim. See Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001).

*Due process claims*

There is no question that deprivation of property without due process gives rise to a claim under § 1983. See Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989). In dismissing Montana's due process claims, the district court relied on Hudson v. Palmer, 468 U.S. 517 (1984). We have interpreted Hudson as holding that "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy." Gillihan, 872 F.2d at 939 (citing Hudson, 468 U.S. at 533).

Montana has not alleged that the correctional officers acted pursuant to policy or that their actions were otherwise authorized. Rather, Montana alleges the defendants failed to follow official prison procedures. Therefore, to state a § 1983 claim, Montana was required to plead the inadequacy or unavailability of a post-deprivation remedy. See Durre v. Dempsey, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack

3

of an adequate state remedy"). Here, the district court concluded that an adequate post-deprivation remedy existed because Montana filed formal inmate grievances related to the June 2002 shakedown of his cell. On appeal, Montana argues in conclusory fashion that Colorado's inmate grievance procedures are inadequate. We need not decide whether Colorado's inmate grievance procedures are constitutionally adequate because Montana completely failed to allege the lack of an adequate state remedy in the complaint.[1] Therefore, we agree with the district court that Montana's complaint fails to state a due process claim.

Additionally, we agree with the district court that Montana's due process claim related to his box of legal materials allegedly lost in September 2002 could be dismissed because (1) the allegations do not implicate the defendants in this case, and (2) there is no showing that Montana has exhausted his administrative remedies for that claim.

*Denial of access to courts*

In Lewis v. Casey, 518 U.S. 343, 349-53 (1996), and reiterated in Christopher v. Harbury, 536 U.S. 403, 415 (2002), the Supreme Court explained that a prisoner claiming

---

[1] The district court did not consider whether Colorado tort law provides Montana an adequate post-deprivation remedy. Individual state employees are entitled to immunity for actions within the scope of their employment unless their conduct is "willful and wanton." Colo. Rev. Stat. § 24-10-118 (2002). Although Colo. Rev. Stat. § 24-10-106(1)(b) (2002) waives Colorado's sovereign immunity for torts resulting from the operation of a correctional facility, § 24-10-106(1.5) provides that the waiver set forth in § 24-10-106(1)(b) "does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction" and that "such correctional facility or jail shall be immune from liability."

4

he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher, 536 U.S. at 415.

Further, in Christopher, the court held that to state a denial of access claim, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. In this case, Montana's complaint did not put the defendants on notice of any underlying cause of action. Therefore, we agree with the district court's conclusion that Montana's complaint fails to state a denial of access claim.

*Motion to amend*

Federal Rule of Civil Procedure 15(a) provides that a plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served." Since Montana's complaint was subject to the screening requirement of § 1915(e)(2), his complaint was not served on defendants and, therefore, no responsive pleading was served.

While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a "district court should allow a plaintiff an opportunity to cure technical errors or otherwise

5

amend the complaint when doing so would yield a meritorious claim." Curley, 246 F.3d at 1284. While the district courts have discretion to deny leave to amend for various reasons, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the district court did not address Montana's motion to amend in any manner. As for his due process claim involving alleged misconduct in June 2002, we can conceive of amendments that would satisfy Hudson; for example, allegations that, if true, would show that Colorado does not provide prisoners a constitutionally adequate post-deprivation remedy. Further, the district court dismissed Montana's denial of access claim because Montana failed to make certain allegations identifying an actual injury. We can conceive of amendments to the complaint that would satisfy Christopher; for example, allegations identifying an underlying nonfrivolous cause of action that Montana was impeded from pursuing by defendants' alleged conduct. We conclude that the district court abused its discretion in dismissing the complaint without granting the motion to amend.

We REVERSE and REMAND for further proceedings consistent with this order. We GRANT Montana's motion to proceed without prepayment of the appellate filing fee and remind Montana of his continued obligation to make partial payments toward the

appellate filing fee until it is paid in full.  No exception is made for successful appeals.

<u>See</u> 28 U.S.C. § 1915(b)(2).

Entered for the Court

Mary Beck Briscoe
Circuit Judge