**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY A. MONTANA,

      Plaintiff-Appellant,

v.

STEVE HARGETT, Warden; RUDY
MARTINEZ, Unit 2 Manager;
ANGELA ALCON, C.O.; and SHERRI
VAN METER, C.O.,

      Defendants-Appellees.

No. 04-1318

(D.C. No. 03-Z-392)
(D.Colo.)

**ORDER AND JUDGMENT**  *

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Plaintiff Johnny Montana, a pro se prisoner incarcerated in Wyoming,

appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil

rights action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

part and reverse in part.[**]

I.

Montana originally filed suit on March 6, 2003, alleging: 1) in June 2002, defendant correctional officers discarded photographs of his deceased wife, and read, confiscated, and discarded his legal materials; and 2) in September 2002, unidentified correctional staff lost a box of his legal materials. The district court dismissed Montana's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Two weeks prior to the district court's dismissal, Montana had requested leave to file an amended complaint, but the court never addressed the motion. Montana appealed the dismissal to this court, and we reinstated his civil action, concluding the district court abused its discretion in dismissing the complaint without granting the motion to amend. Montana v. Hargett, No. 03-1237, 84 Fed. Appx. 15, 18 (10th Cir. Dec. 11, 2003).

Montana filed an amended complaint on June 1, 2004, asserting four claims for relief: 1) a claim he characterized as an access to the courts claim based on deprivations of his personal property which the district court construed as a due process claim; 2) a second access to the courts claim based on deprivations of his personal property which Montana contends resulted in an inability to prosecute

---

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

his civil case or adequately pursue post-conviction relief; 3) a claim for deliberate indifference to his medical needs regarding the amputation of a toe, vision loss, and pain in his foot, toe, back, and eyes; and 4) a retaliation claim based on his efforts in filing grievances and assisting other inmates in filing grievances, appealing disciplinary actions, and petitioning the courts. On June 9, 2004, the district court issued an order, as a result of Montana's pleading deficiencies, instructing Montana to file a second amended complaint. The court gave Montana specific guidance regarding the deficiencies which needed correction:

> Mr. Montana fails to allege specific facts to support the four claims for relief that he is asserting in the amended complaint. Mr. Montana fails to allege in the amended complaint how Defendants allegedly violated his due process rights or his right of access to the courts. Regarding the access to the courts claim, he also fails to allege the specific actual injury he suffered because he fails to identify the nonfrivolous claim or claims that he was prevented from pursuing. Mr. Montana also fails to identify in the amended complaint the Defendants against whom he is asserting his deliberate indifference and retaliation claims, how those Defendants were deliberately indifferent to his serious medical needs, or how those Defendants retaliated against him.
> * * *
> Finally Mr. Montana must clarify in the second complaint how he has exhausted his administrative remedies for each claim he asserts in this action. . . .

ROA, Doc. 30, at 2.

In accordance with the court's order, Montana filed a second amended complaint on July 12, 2004. The text of the second amended complaint, however, was identical to the first with the exception that Montana attached copies of his

3

grievance filings to the second amended complaint. The district court then sua sponte dismissed the action and entered judgment in favor of defendants based on pleading deficiencies.[***] Montana timely appeals.

## II.

Although the district court did not specify its basis for dismissing Montana's claims, the essence of the order is that Montana failed to state a claim upon which relief could be granted. Therefore, we will treat the order as a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which states: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."

This court reviews de novo a district court's decision to dismiss sua sponte a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim [under § 1915(e)(2)(B)(ii)] is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. Because Montana is proceeding pro se, we must construe his complaint liberally, holding him to a less stringent standard than formal pleadings drafted by lawyers. Hall v.

---

[***] Although the district court also concluded that Montana had failed to exhaust his administrative remedies, we conclude that its order was intended to operate as a dismissal on the merits.

4

Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). "This rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id.

### III.

Montana raises fourteen issues on appeal, many of which address the merits of Montana's claims. As the district court dismissed this action prior to reaching the merits of Montana's claims and the record is not well developed on these matters, we will address Montana's challenges to the dismissal of his claims only.

*a. Access to courts claim*

The constitutional right of access to the courts is guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments. Ward v. Kort, 762 F.2d 856, 858 (10th Cir. 1985). The right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Additionally, the right prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim, including the improper destruction of a prisoner's legal materials. Green v. Johnson, 977 F.2d 1383, 1389-90 (10th Cir. 1992). To state a valid claim,

however, a prisoner must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Montana asserts two claims he characterizes as access to the courts claims based on deprivations of certain legal materials. The district court did not explain its basis for dismissal of the first claim, but appears to have dismissed the claim based on Montana's failure to allege specific facts to support his claim. As for the second claim, the district court found that Montana had failed to allege a specific actual injury (i.e., he failed to identify the nonfrivolous claim or claims that he was prevented from pursuing).

Construing Montana's pleadings liberally by reading his two access to courts claims together along with the grievances Montana attached to the complaint, we believe that Montana has sufficiently pled a claim for denial of access to courts. The district court was correct in that Montana did not assert the facts on which he bases these claims in the text of the complaint. He, however, attached grievances to the complaint that described a shake down that occurred in June 2002 in which prison authorities seized and destroyed certain legal papers. The text also referenced the loss of an additional "legal box" or box of legal materials in September 2002, but Montana did not identify the defendants who were allegedly involved in this act. As a result of the loss and destruction of his legal materials, Montana alleged that his civil action against the defendants in a Colorado state court was dismissed for failure to prosecute and that certain

6

motions for sentence reduction and post-conviction relief were denied due in part to his inability to adequately respond.

Based on these allegations, we believe Montana sufficiently asserted a denial of access to courts claim arising out of the June 2002 incident. Any claim, however, based on the alleged loss of legal materials in September 2002 must fail because Montana did not assert this claim against particular defendants.

*b. Deliberate indifference to serious medical needs*

In order to state a cognizable deliberate indifference claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard is two-pronged, requiring allegations of deliberate indifference on the part of prison officials and that the prisoner's medical needs are serious. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

The district court dismissed Montana's claim because he did not assert it against a named defendant. We agree with the district court; Montana failed to state a claim for deliberate indifference to serious medical needs. Montana failed to identify the prison officials against whom he was asserting this claim, explain how those defendants were deliberately indifferent, or describe the seriousness of his medical needs. Without such factual allegations, Montana's claim fails.

*c. Retaliation claim*

7

Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). Such retaliation or harassment by officials for exercising a constitutionally protected right is actionable under 42 U.S.C. § 1983. Id. at 948. This principle applies even if the act, when taken for a different reason, would have been otherwise permissible. Id.

Montana alleged that he was retaliated against for filing grievances and assisting other inmates in filing grievances, appealing disciplinary actions, and petitioning the courts. He contended that when he refused to stop assisting other inmates, he was placed in segregation. He also alleged, albeit within the text of his first access to courts claim, that he suffered retaliation for filing a grievance regarding the loss of his legal materials. The district court found Montana's claim deficient because he did not assert this claim against any of the defendants named in the action.

Montana's allegations were indeed vague and conclusory -- he repeatedly noted that "officials at the Crowley County Correction Facility" retaliated against him. Despite these vagaries, he specifically alleged that Ron Bates, Captain Alcon, and Lieutenant Luna, three individuals Montana did not name as defendants in the action, were involved in the alleged retaliation. Montana also alleged, however, that Steve Harggett, a defendant in the action, authorized his placement in segregation. Thus, contrary to the district court's finding, Montana

asserted his retaliation claim against a named defendant, and therefore, sufficiently stated a claim. However, the question of exhaustion of administrative remedies remains as regards this claim.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, § 1997e(a) imposes a "total exhaustion" requirement, meaning that if a prisoner brings an action containing multiple challenges to prison conditions, the action must be dismissed for failure to exhaust administrative remedies if the prisoner has failed to exhaust administrative remedies as to any one of the asserted claims. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004).

We conclude that Montana failed in response to the district court's order to demonstrate that he had exhausted administrative remedies on all of his claims. Montana attached grievances which arguably demonstrated that he had exhausted his deprivation of property claim based on a "shake down" of his cell which occurred in June of 2002. None of the attachments to his second amended complaint, however, demonstrated that his other claims were ever presented to the prison authorities, much less that his administrative remedies were exhausted.

9

Because Montana has failed to show that he exhausted his administrative remedies for his second access to courts claim based on the loss of a box of legal papers, deliberate indifference to serious medical needs claim, and the retaliation claim, this entire action must be dismissed. We observe, however, that the dismissal under the total exhaustion requirement is without prejudice.

Based on the foregoing, we AFFIRM in part and REVERSE in part the order of the district court. Montana's claim for access to the courts based on the seizure of his legal papers in June 2002 as well as his retaliation claim against defendant Hargett are dismissed without prejudice to permit exhaustion of administrative remedies on these claims. Montana's claim for access to the courts based on the loss of legal materials in September 2002 and his claim for deliberate indifference to serious medical needs are dismissed with prejudice.

We GRANT Montana's motion to proceed without prepayment of the appellate filing fee and remind him of his continued obligation to make partial payments toward the filing fee until it is paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

10