**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STANLEY P. JURGEVICH,

      Plaintiff-Appellant,

v.

WALTER McGARY, Chief Medical
Officer DOC; ORVILLE NEUFELD;
DON LAWSON, Chief Pharmacy
Officer, DOC; JUDITH M.
LENHART, Vice Pres. Operations,

      Defendants-Appellees.

No. 02-1291
(D.C. No. 01-M-2032)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Stanley P. Jurgevich, a Colorado prisoner proceeding pro se, appeals from the grant of summary judgment in favor of defendants in his civil rights suit brought under 42 U.S.C. § 1983. The district court concluded that summary judgement was proper because none of the named defendants were personally involved in the incident leading to the suit. We affirm.

## I.

Plaintiff's complaint stems from his attempts to obtain relief from heel spurs. The dispute came to a head after plaintiff's podiatrist requested surgery on March 22, 2001. That request was twice denied by Colorado Access, which has a contract with the Colorado Department of Corrections to act as a third party administrator to manage the health services provided to inmates. Colorado Access ultimately approved the surgery on September 12, 2001, but plaintiff did not undergo surgery until October 22, 2001. In the interim, plaintiff sued.

Plaintiff's original complaint named defendants McGary, Neufeld, Lawson, and Lenhart, and alleged the following:

> Claimant's 8th Amendment right against Cruel and Unusual
> Punishment has been and is being violated, to wit: Despite the fact
> that two doctors have diagnosed the Claimant as having a recognized
> medical condition that needs surgery to correct, the Defendants have
> denied said treatment. Further, Defendant's [sic] have also denied
> any stop-gap measures to alleviate the Claimant's continuous pain
> and discomfort. This has been going on for years now.

R., doc. 3 at 3. Plaintiff included documentation of his attempts to rectify the problem through the prison grievance procedure. Those documents alleged significant pain due to a denial of adequate or effective treatment for approximately four years.

On February 1, 2002, defendants filed their motion for summary judgment. The same day, plaintiff filed a motion to amend his pro se complaint to name three additional defendants. The district court struck that motion for failure to comply with Fed. R. Civ. P. 15 and for failure to state sufficient claims against the new defendants. On March 7, 2002, plaintiff filed a second motion to amend, naming five additional defendants and including a more detailed recitation of factual allegations. As stated by plaintiff, the amendment was only necessary to rectify his mistake in initially identifying the proper parties; his claims concerning the new defendants "ar[o]se of the same conduct, transaction or occur[r]ence as set forth in the original pleading." R., doc. 23 at 3.

By order dated March 12, 2002, the district court deferred ruling on plaintiff's motion, pending the court's decision on summary judgment. The district court ultimately granted defendants' motion, correctly ruling that the original defendants had no personal involvement in the alleged delay of medical treatment. *See Coleman v. Turpen,* 697 F.2d 1341, 1346 n.7 (10th Cir. 1982) (holding that a defendant cannot be liable under § 1983 unless personally

involved in the deprivation). [1] The district court then dismissed plaintiff's action with prejudice without ruling on his motion to amend. Plaintiff filed a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59, requesting the district court to reinstate his amended complaint naming the proper parties. The district court denied that motion summarily, and this appeal followed.

## II.

We review the grant of summary judgment de novo, applying the same standard the district court applied under Federal Rule 56(c). *O'Toole v. Northrop Grumman Corp.,* 305 F.3d 1222, 1225 (10th Cir. 2002). Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "[A]n issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326

---

[1] Despite her designation as a defendant on the district court's docket sheet, Judith Lenhart was never served and never appeared before the court in this case.

(10th Cir. 1999). If the movants carry their initial burden of a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, "the nonmovant . . . may not simply rest upon [his] pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. Because plaintiff appears pro se, his pleadings must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam).

## III.

On appeal, plaintiff argues that the district court should have allowed him to amend his complaint to add those defendants that allegedly had direct involvement in delaying plaintiff's medical treatment. Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After that, the party may amend only by leave of the court or by written consent of the adverse party. *Id.* The right to amend is never absolute, however, as a district court may deny a motion to amend if the court concludes that the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Nevertheless, it is error for the district court to deny a motion to amend without supplying a justification. *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d

-5-

383, 387 (10th Cir. 1987). Indeed, the Supreme Court has stated that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182.

In this case, plaintiff filed two motions to amend. The district court struck the first motion for failure to comply with Rule 15 and because it "fail[ed] to state sufficient claims against the defendants sought to be added." R., doc. 19 at 1. This was proper as plaintiff's motion relied on nonspecific and conclusory allegations to implicate each of the three additional defendants. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

The district court deferred ruling on the second motion to amend until it ruled on defendant's motion for summary judgment. When it ruled on the summary judgment motion, however, it did not mention the outstanding motion to amend. Moreover, when presented with plaintiff's Rule 59 motion requesting the district court to reinstate his complaint as amended, the court denied that motion summarily. Under Rule 15, a plaintiff has a right to amend his complaint once as a matter of course before defendant has filed and served a responsive pleading. A motion for summary judgment, like a motion to dismiss, is not considered to be

a "responsive pleading" and therefore does not cut off a plaintiff's right to amend without leave of court. *See Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir. 1994) ("Because defendants' motions to dismiss or for summary judgment were not responsive pleadings, [plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court."); *see also Zaidi v. Ehrlich,* 732 F.2d 1218, 1219-20 (5th Cir. 1984) (holding that a motion for summary judgment is not a responsive pleading). Therefore, plaintiff should have been allowed to amend his complaint, subject only to the district court's reasoned determination that the proposed amendment would be futile. The court made no such determination, and therefore erred in summarily denying plaintiff's motion.

"Although, as a general rule, the district court must give a reason for its refusal [to allow amendment], failure to state a reason can be harmless error where the reason is apparent." *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994) (quotation and citation omitted). As we have previously noted, a district court may properly deny a motion to amend a pleading if the amendment would be futile. *Foman,* 371 U.S. at 182. More specifically, this court has held that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel.*

*Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001). Based on the record in the present case, we conclude that it is apparent plaintiff could not meet his burden at the summary judgment stage to show a genuine issue of material fact on his claim of an Eighth Amendment violation, regardless of the defendants named in the suit. Plaintiff concedes that the amendment itself was based on the same facts used to support his claim against the current defendants, and was being sought only to name the proper parties. Plaintiff also argued the merits of his constitutional claim and filed supporting documents in his responses to the motion for summary judgment. As we explain more fully below, at the time the district court ruled on summary judgment, the futility in amending plaintiff's complaint to name defendants that were more personally involved in his claim was readily apparent. Therefore, we conclude that the district court's failure to provide reasons for denying the proposed amendment is harmless.

## IV.

A violation of the Eighth Amendment's prohibition of cruel and unusual punishment may be shown by "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *see also Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993) ("Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.") (quotation omitted). To meet the deliberate indifference

standard, however, a prisoner's claim of medical mistreatment must allege more than mere accident or even negligence. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (quotations and emphasis omitted). Delay in medical care, by itself, does not support a constitutional claim. *Olson,* 9 F.3d at 1477. Moreover, mere disagreement with the medical judgment of prison doctors concerning treatment does not support a claim of cruel and unusual punishment. *Id.*

In their motion for summary judgment, defendants argued that they had no personal involvement in plaintiff's case and, alternatively, that plaintiff did not sufficiently allege a constitutional violation. Defendants attached medical records to bolster their contention that plaintiff received routine treatment for his feet until surgery was recommended and, five months later, ultimately approved. In his response, plaintiff argued that the same medical evidence demonstrated a three to five year delay in surgery, and that this delay, coupled with the arbitrariness of the denials of various treatment requests, showed deliberate indifference to his serious medical need. Plaintiff's "Request to Amend Pleading Number 2" argued essentially the same thing, while tying his substantive claims to the actions of the additional defendants.

Our independent review of the record confirms the absence of a constitutional deprivation. Plaintiff's contention that he began experiencing pain

as early as 1996 is unsupported, but also undisputed. The medical documentation submitted by both parties shows appropriate, albeit escalating medical treatment from 1998 until plaintiff's podiatrist recommended surgery in March 2001. Plaintiff's contention that surgery was considered as early as 1998 is also undisputed; his associated argument that this earlier consideration of surgery demonstrates deliberate indifference is significantly diminished by later documents evidencing plaintiff's stated preference for alternatives to surgery. During that period of time between plaintiff's formal request for surgery and the surgery itself, the record reveals that the request was denied twice due to the lack of supporting evidence. Each time, plaintiff's doctor promptly appealed and supplied the needed documentation, until the request was ultimately approved.

Overall, the record in this case presents evidence of reasonable responses to plaintiff's gradually increasing complaints of pain, and the inevitable bureaucratic delays associated with obtaining approval for surgery. The record does not present "evidence . . . from which a rational trier of fact could find for [plaintiff]" on his Eighth Amendment claim. *Adler,* 144 F.3d at 671. While the district court granted summary judgment for the reason that the named defendants were not personally involved in the alleged delay of medical treatment, "we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the

district court." *Lambertsen v. Utah Dep't of Corr.,* 79 F.3d 1024, 1029 (10th Cir. 1996) (quotation omitted). Accordingly, summary judgment was proper against plaintiff on his Eighth Amendment claim.

## V.

In his briefs on appeal, plaintiff also suggests that the record was not sufficiently developed to support a decision on summary judgment. This contention implicates Rule 56(f), which permits the district court, in its discretion, to order a continuance "to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed. R. Civ. P. 56(f). In the present case, plaintiff responded to the motion for summary judgment with a brief and exhibits, but also generally asserted that he did not possess all of his medical documentation or records, suggesting that he could not present "facts essential to justify [his] opposition." *Id.* As we have previously explained, however,

> [t]he protection afforded by Rule 56(f) is an *alternative* to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment. Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movants allegations of no genuine issue of fact.

*Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 833 (10th Cir. 1986) (citation and quotation omitted). As in *Pasternak,* even ignoring plaintiff's

-11-

failure to file an affidavit explaining the need for additional discovery as mandated by Rule 56(f), plaintiff's general assertion to the district court also "falls far short of showing how the desired time would enable [him] to meet [his] burden in opposing summary judgment."     *Id.*

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge