FILED
United States Court of Appeals
Tenth Circuit

December 28, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD G. KIRBY,

       Plaintiff–Appellant,

v.

DALLAS COUNTY ADULT
PROBATION DEPARTMENT,
Community Supervision and
Corrections Department, Dallas
County; MARK OLSEN; D. TODD
HILL, Probation Officer, Dallas
County Probation Department;
LAURA CARAWAY, Probation
Officer Supervisor, Dallas County
Probation Department; JIM MILLS,
Assistant Director, Dallas County
Probation Department; ROBERT L.
WEBSTER, Assistant U.S. Attorney,
Dallas, Texas; GRANT COUNTY
DISTRICT ATTORNEY'S OFFICE;
JIM FOY, Prior Grant County District
Attorney; ARNOLD CHAVEZ, Grant
County DA Investigator; MARY
LYNN NEWELL, Grant County
District Attorney; TIM GARNER,
Grant County Assistant District
Attorney, Sixth Judicial District,
Silver City, New Mexico; NEW
MEXICO SECURITIES DIVISION;
BRUCE KOHL; JAMES MAES, New
Mexico Securities Division, Santa Fe,
New Mexico; JOHN DOE;
JANE DOE, Grant County Detention
Center, Grant County, New Mexico;
DONA ANA COUNTY DISTRICT

Nos. 08-2265 & 08-2292
(D.C. No. 1:04-CV-00844-DJS-ACT)
(D. N.M.)

ATTORNEY; TOM CLARK; MICHAEL CAIN, Assistant District Attorney, Las Cruces, New Mexico; KANSAS SECURITIES DIVISION, Topeka, Kansas; GARY FULTON; SCOTT SCHULTZ, Kansas Securities Division, Topeka, Kansas; FIRST NEW MEXICO BANK, doing business as Copper Country Escrow; MARTHA STEWART; JOHN DOE; JANE DOE, First New Mexico Bank, Silver City, New Mexico; GENE CRAWFORD; HAROLD JOHNSON, Pinto Altos, New Mexico; UNITED STATES SECRET SERVICE; CHUCK QUINN, Agent, United States Secret Service, Wichita, Kansas; ANDREW BAZEMORE, Agent, United States Secret Service, Albuquerque, New Mexico; BUTLER COUNTY SHERIFF'S DEPARTMENT; RANDY COFFMAN, Butler County Sheriff's Investigator; MIKE TANNER, Butler County Sheriff's Deputy, El Dorado, Kansas; STEVE HOWE, Assistant District Attorney, Olathe, Kansas; BILL MATTIACE, Las Cruces Mayor, Adventure Travel, Las Cruces, New Mexico; J.D. JONES, Investigator, Las Cruces Police Department; RICKY MADRID, Sergeant, Las Cruces Police Department, Las Cruces, New Mexico; THE SILVER CITY POLICE DEPARTMENT, Silver City, New Mexico; HAM; UNKNOWN POLICE OFFICERS, Silver City Police Department, Silver City, New Mexico; RANDALL HARRIS, Curry County District Attorney, at the

-2-

time, Clovis, New Mexico; JOHN
DOES; JANE DOES, Unknown,
Grant County Detention Center,
Silver City, New Mexico;
FREDERICK SHERMAN, Attorney at
Law, for First New Mexico Bank,
Deming, New Mexico; GRANT
COUNTY DETENTION CENTER,
County of Grant, New Mexico, Silver
City New Mexico; TOM LAWS;
LAWS CORPORATION; LUBBOCK
COUNTY DISTRICT ATTORNEY'S
OFFICE; CAMERON COWAN,
Assistant District Attorney, Lubbock,
Texas,

             Defendants–Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

     * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richard G. Kirby, proceeding pro se, appeals from numerous orders of the district court dismissing his claims against defendants.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In his seventy-one page first amended complaint, Kirby sued forty-six defendants, including public entities, public officials, prosecutors, private citizens, and banks for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986, and for illegally restricting his business activities and assets.  Kirby also sought an injunction against some defendants to prevent future incarceration and retaliation.  Much of his complaint focuses on people and entities involved in the investigation and prosecution of criminal charges against him.[2]  Early in this litigation, the district court denied Kirby's motion for a preliminary injunction; we affirmed that order in Kirby v. Dallas County Adult Probation Department, 280 F. App'x 743 (10th Cir. 2008) (unpublished).  Kirby's claims were eventually disposed of in numerous orders of dismissal.

---

[1] Appeal No. 08-2265 is from eleven separate district court orders.  Appeal No. 08-2292 is from a later-entered order.  We have consolidated Kirby's two appeals for disposition.

[2] At the time he initiated this suit Kirby was not incarcerated, but later in the proceedings he became—and remains—incarcerated.

**II**

Kirby advances three arguments challenging the district court's disposition of the entire case. First, he contends that this appeal is premature because the court did not resolve all of his claims and motions. He asserts that claims against Gene Crawford and Harold Johnson have not been decided; but those claims were dismissed in an October 9, 2008, order. The allegedly unresolved motions concern his requests: (1) to file an affidavit; (2) for a preliminary injunction; and (3) for declaratory relief. These motions were either non-dispositive or resolved by the court's orders.

Next, Kirby argues that the district court improperly allowed the attorneys for Tom Laws and the "Lubbock Defendants" to withdraw. This alleged error does not affect Kirby, and thus is no basis for reversal even if it were somehow erroneous. See generally Wyoming v. Livingston, 443 F.3d 1211, 1226 (10th Cir. 2006).

Kirby's last overarching argument is nothing more than a summary of the law of equity, which he fails to link to any particular order or defendant. We do not consider conclusory and undeveloped arguments on appeal. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

## III

In addition to his generalized contentions, Kirby makes numerous arguments regarding specific defendants. We address each in the following sections.

## A

Kirby claims that the Lubbock County District Attorney and Cameron Cowan, an assistant district attorney, violated his constitutional rights by prosecuting him after Kirby's alleged victim signed an affidavit stating that he would not testify. Kirby further claims that Cowan provided false information that resulted in an increased bond, which eventually led to "a cascade of bond forfeitures." As relief for these asserted violations, Kirby seeks compensatory damages and an injunction to protect him against "malicious prosecutorial actions" and "freedom from the threat of incarceration." The district court dismissed these claims as barred by the doctrine of absolute prosecutorial immunity.

"We review de novo a district court's conclusion on the question of absolute immunity." Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). "State prosecutors are entitled to absolute immunity against suits brought pursuant to [§] 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." Id. (quotations and ellipses omitted). Actions more appropriately characterized as "investigative or

administrative" are not protected by absolute immunity.  Pfeiffer v. Hartford Fire

Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991).  We agree with the district court

that Kirby's allegations relate to activities intimately associated with the judicial

process.  Indeed, his claim is primarily based on defendants' decision to prosecute

and participation in bond proceedings, which are core prosecutorial functions.

Accordingly, dismissal of this claim was proper.

**B**

In his complaint, Kirby claimed that Tom Laws perjured himself in Kirby's

criminal case.[3]  The district court dismissed this claim under the doctrine of

absolute witness immunity.

We review de novo the issue of absolute immunity.  Gagan, 35 F.3d at

1475.  "[A]ll witnesses enjoy absolute immunity from civil liability

under [§] 1983 for their testimony in a prior trial. . . .  [W]e have extended

[witness immunity] to alleged conspiracies to commit perjury."  Hunt v. Bennett,

17 F.3d 1263, 1268 (10th Cir. 1994).  We thus affirm the dismissal of this claim.

**C**

According to Kirby, First New Mexico Bank d/b/a Copper County Escrow,

its Vice President Martha Stewart, and unknown bank employees wrongfully

disclosed documents to third parties during the course of a state-court declaratory

---

[3] Kirby also alleged that Laws failed to produce subpoenaed documents in that case.  However, Kirby's criminal case is not before us on appeal.

judgment action.[4]  The district court dismissed this claim as precluded by res judicata because a state court had previously held Kirby lacked standing to contest the alleged disclosures.

Kirby fails to address res judicata or explain how the court erred in applying the doctrine.  Although we construe his pro se briefs liberally, Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we will not assume the role of advocate or address an issue that a pro se litigant fails to discuss in his brief, see Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

**D**

Kirby sued the Silver City Police Department, Lieutenant Ham, and several unknown police officers for false arrest.  According to the first amended complaint, Kirby was arrested in New Mexico in March, 1991, on a warrant that had been "dismissed."  Kirby's complaint was not filed until July 2004, prompting defendants to file a motion to dismiss on the ground that this claim is time-barred.[5]

In response to the motion, Kirby recast his claim as malicious abuse of process and conspiracy.  He did not explain why the abuse of process and/or false

---

[4] Frederick H. Sherman, a lawyer who represented First New Mexico Bank in the state-court lawsuit, was also named as a defendant.  Kirby does not contest the court's order dismissing his claims against Sherman in this appeal.

[5] A § 1983 claim arising in New Mexico is subject to a three-year statute of limitations.  Mondragon v. Thompson, 519 F.3d 1078, 1081 (10th Cir. 2008).

arrest claims were timely, but argued that he only recently learned of the conspiracy. The district court held that the false arrest and abuse of process claims were time-barred, and that the complaint failed to state a conspiracy claim.

On appeal, Kirby does not challenge the court's determination that his false arrest and/or abuse of process claims are time-barred, nor does he challenge the court's holding that he failed to adequately plead a conspiracy claim. He simply reiterates his assertion that he was unaware of the conspiracy until sometime in 2003 and refers us to his response to the motion to dismiss. Neither his response nor his brief on appeal address the adequacy of his conspiracy allegations. Because we will not address issues that Kirby fails to discuss in his brief, we affirm the district court's dismissal of these claims. See Drake, 927 F.2d at 1159.

**E**

Kirby claimed in his complaint that the Kansas Securities Division (the "Division"), Gary Fulton, and Scott Schultz[6] intentionally manipulated their investigations and conspired with state police in New Mexico to falsely charge him with a crime and to seize his property without a warrant. He further claimed that Steve Howe, a prosecutor in the district attorney's office in Johnson County, Kansas, conspired to obtain warrants in order to incarcerate Kirby without bond. These defendants moved to dismiss on various grounds, including Eleventh

---

[6] The complaint identifies the Division as the entity responsible for upholding Kansas securities law, Fulton as an investigator for the Division, and Schultz as a Division supervisor and lawyer.

Amendment immunity as to the Division and its employees, and absolute prosecutorial immunity as to Howe.

We agree with the district court that Howe is entitled to absolute prosecutorial immunity. Kirby attempts to shoehorn his claims against Howe into the exception to absolute immunity for prosecutors who attest to the truth of the facts in an affidavit used to obtain an arrest warrant. See Scott v. Hern, 216 F.3d 897, 909 (10th Cir. 2000). However, this argument is belied by the complaint, which alleges only that Howe obtained warrants—not that he attested to the facts used to obtain them.

Although the district court did not dismiss the claims against the Division, Fulton, and Schultz on Eleventh Amendment grounds, we address this issue first "[b]ecause an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state." Id. (citation omitted). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007) (citation omitted). Employees of an arm of the state who are sued in their official capacities are "generally entitled to assert the same

-10-

immunities as the governmental entity for which he or she works." Ruiz, 299 F.3d at 1180 (citation omitted).

"If a state entity is more like a political subdivision—such as a county or city—than it is like an instrumentality of the state, that entity is not entitled to Eleventh Amendment immunity." Steadfast, 507 F.3d at 1253 (citation omitted). Based on Kirby's complaint, it is clear that the Division is an arm of the state, entitling it and its employees Fulton and Schultz, to Eleventh Amendment immunity. See Ruiz, 299 F.3d at 1180 (relying on complaint's allegations in determining state department was an arm of state).

## F

Kirby also alleged that Las Cruces Mayor Bill Mattiace made a bomb threat and later perjured himself at Kirby's criminal trial. In addition, Kirby asserted that detective Ricky Madrid and investigator J.D. Jones refused to charge Mattiace for the bomb threat and conspired with state officials to file securities charges against Kirby.

Rather than addressing the grounds on which the district court dismissed these claims (including the failure to state a claim for relief and the lack of any state action on Mattiace's part) Kirby argues on appeal that he was injured by a conspiracy between these defendants. This recast conspiracy claim also fails because the only possible injury that can be inferred from the alleged misconduct is either Kirby's resulting criminal conviction itself or damages arising therefrom.

Any such claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), which holds that a plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff can first prove that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Kirby has not made such a showing.

**G**

Kirby's claim against the Grant County Detention Center (the "Detention Center") and John and Jane Doe is based on the allegation that unknown employees of the Detention Center conspired with Arnold Chavez, an investigator for the Grant County District Attorney's Office, to poison Kirby and to deny him medical attention, food, and water.  He alleges the Detention Center is vicariously liable because it is responsible for the policies, practices, and customs of New Mexico detention centers, and that John and Jane Doe were charged with upholding these policies, practices, and customs.

For the Detention Center to be liable for John and Jane Doe's actions, Kirby was required to establish that it "contributed to the constitutional violation through execution of its policy or custom."  <u>Pietrowski v. Town of Dibble</u>, 134 F.3d 1006, 1009 (10th Cir. 1998).  However, in response to the motion to dismiss, Kirby conceded that the Detention Center's policy is to secure prisoners in a safe

manner. This admission is the death knell for any claim against the Detention Center.

As to John and Jane Doe, Kirby shifted away from a theory of liability based on a conspiracy to implement Detention Center policy to a theory based on a conspiracy aimed at intentionally harming him. The district court dismissed this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir.), petition for cert. filed (U.S. Nov. 4, 2009) (No. 09-549). "[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view those allegations in the light most favorable to the plaintiff." Id. "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Id. (quotation omitted). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Hunt, 17 F.3d at 1266 (quotation omitted). Instead, a plaintiff is required to "allege specific facts showing agreement and concerted action." Id.

On appeal, Kirby effectively concedes that his complaint failed to state a conspiracy claim, but argues that the case should be remanded for discovery to uncover the identity of the person who allegedly placed mercury in a blueberry pie served to him. However, the liberal pleading standard under the federal rules

-13-

"does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). We agree with the district court that Kirby has not advanced a plausible claim for relief against John and Jane Doe.

**H**

Charles J. Quinn is a former Secret Service agent who retired in 2000. Kirby alleges that Quinn conspired with various state and federal officials to bring criminal charges against him based on false information and to improperly seize his property.  Quinn filed a motion to dismiss on the ground that the claims against him were time-barred.  Quinn's affidavit in support of the motion established that his first investigation of Kirby began in 1991 and concluded in 1992.  His second investigation began in 1999, and was still on-going when he retired in 2000.  According to Quinn, his investigative activities took place in Kansas.  Kirby never challenged these facts or addressed the statute of limitations in his response.

Because Quinn was a federal agent, the district court recast Kirby's claims against him as arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).  Kirby does not dispute that Bivens actions borrow the general personal injury limitations statute in the state where the action arises or that Kansas has a two-year statute of limitations for Bivens claims.  Instead, he appears to argue that his was a claim for civil

-14-

conspiracy under § 1983. However, Kansas' two-year statute of limitations applies to § 1983 claims as well. Laurino v. Tate, 220 F.3d 1213, 1218 (10th Cir. 2000). Accordingly, we affirm the dismissal of these time-barred claims.

### I

The Butler County Sheriff's Department, Randy Coffman, and Mike Tanner successfully moved to dismiss Kirby's claims against them for lack of personal jurisdiction. On appeal, Kirby neglects to address personal jurisdiction, arguing instead that the district court erred because the complaint states a claim against these defendants. This argument misses the mark: Without personal jurisdiction, the district court properly dismissed the claims regardless of whether the complaint states a claim for relief.

### J

Kirby also asserted claims against: (1) New Mexico state prosecutors James B. Foy, Mary Lynn Newell, Tim Garner, Tom Clark, Michael Cain, and Randall Harris; (2) the New Mexico Department of Regulation and Licensing, the New Mexico Securities Division, Bruce Kohl (the Division's legal counsel), and James Maes, an investigator; and (3) a New Mexico district attorney's investigator, Arnold Chavez.

The district court held that the state prosecutors are entitled to absolute immunity, a decision we review de novo. Gagan, 35 F.3d at 1475. Kirby argues that absolute immunity does not apply because the prosecutors' activities were

primarily investigative rather than prosecutorial, citing their preparation of warrants and participation in searches and seizures. Although actions more appropriately characterized as investigative or administrative are not protected by absolute prosecutorial immunity, Pfeiffer, 929 F.2d at 1490, Kirby's amended complaint contains no allegations that any prosecutor actually participated in a search or seizure. To the contrary, the alleged activities are clearly prosecutorial.

As to the state agencies and their employees, the district court held those claims are barred by the Eleventh Amendment. Kirby fails to address Eleventh Amendment immunity; instead, he merely summarizes the alleged misconduct. Once again, we will not assume the role of advocate and address an issue that a party fails to discuss in his brief. Drake, 927 F.2d at 1159.

The district court further held that the conspiracy claim against Chavez, an investigator, could not survive a motion to dismiss because it did not allege sufficient facts to support a conspiracy claim. As noted above, "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Hunt, 17 F.3d at 1266 (quotation omitted). Kirby's vague allegations that Chavez conspired with two unnamed detention facility guards to poison him and deny him medical attention, food, and water falls well short of our pleading requirements.

**K**

Gene Crawford and Harold Johnson are alleged to be private citizens of New Mexico. Kirby claimed that Crawford: (1) conspired with others to

surreptitiously copy records from Kirby's personal computer and later provided those records to the New Mexico Securities Division; (2) attempted to besmirch Kirby's name to business associates; and (3) sought to have charges filed against Kirby. Together, Crawford and Johnson are alleged to have conspired with others to intercept Kirby's telephone communications and to have encouraged others to cease doing business with Kirby.

"[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it." Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotation omitted). Thus, Kirby has no claim against these private-citizen defendants under § 1983. Additionally, § 1985(3) was intended only to reach conspiracies "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (quotation omitted). Even if the complaint sufficiently pled a conspiracy, Kirby has not alleged discriminatory animus. Further, because Kirby lacks a claims under § 1985, there is no claim under § 1986. See Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977) ("Inasmuch as the Section 1985 action is insufficient, the allegations under 42 U.S.C. Section 1986 also fail.").

**L**

Finally, Kirby sued the Dallas County (Texas) Probation Department, probation officers Mark Olsen, D. Todd Hill, and Laura Caraway, and assistant director Jim Mills regarding their supervision of Kirby's parole. He contends these defendants failed to credit him with supervision fees and refused to waive restitution fees. He sought orders: (1) requiring the defendants to acknowledge his monthly mail-in reports; (2) barring any future charges for parole violations; (3) recognizing good time credits; (4) enforcing his plea agreement; (5) requiring the reinstatement of probation; and (6) dismissing a duplicate warrant.

The district court dismissed these claims in part on Eleventh Amendment immunity and qualified immunity grounds. On appeal, Kirby does not challenge these rulings. We therefore affirm the dismissal because Kirby has failed to advance any argument of error. See Drake, 927 F.2d at 1159.

**IV**

We **AFFIRM** the orders of the district court. We **DENY** Kirby's motion to correct the record. We **GRANT** his request to proceed without prepayment of filing fees for both appeals and remind Kirby of his continuing obligation to make partial payments until the filing fees are paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court

Carlos F. Lucero
Circuit Judge
