FILED
United States Court of Appeals
Tenth Circuit

July 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY KENNINGTON,

        Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF
THE TREASURY; TIMOTHY F.
GEITHNER, Secretary of the
Department of the Treasury,

        Defendants-Appellees.

No. 11-4198
(D.C. No. 1:10-CV-00184-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

        Plaintiff-Appellant Terry Kennington appeals from the district court's order

dismissing his complaint for failure to state a claim upon which relief can be

---

[*]        This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and 10th Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case, therefore, is ordered submitted without oral argument.

granted, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## I

Mr. Kennington is a former employee of the Internal Revenue Service ("IRS"), a division of the United States Department of the Treasury ("the Treasury"). After he was fired, Mr. Kennington filed the instant lawsuit, naming the Treasury and the Secretary of the Treasury, Timothy Geithner, as defendants. Among other claims, Mr. Kennington asserted claims of religious discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-16(a)–(e), and a whistle-blower retaliation claim under the False Claims Act, *see* 31 U.S.C. §§ 3729–3732. Mr. Kennington brought the lawsuit pro se, and the district court allowed him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The magistrate judge reviewing Mr. Kennington's claims recommended that his case be dismissed as frivolous. Mr. Kennington filed objections to the magistrate judge's recommendation and stated, "I would like to exercise my right to amend my complaint and add all employees of the IRS and [Treasury Inspector General for Tax Administration ("TIGTA")] (for not investigating, opposing my constitutional rights and not taking action and giving me equal protection . . .)." R. at 154 (Objections, filed Aug. 29, 2011). Mr. Kennington repeated his desire for amendment throughout his objections, most notably saying:

-2-

> Some frivolous complaints can be remedied by an amendment pursuant to Fed. R[.] Civ. P. 15. Where that is so, a district court may not dismiss the complaint as frivolous and must permit the amendment. Because there is additional retaliation and discrimination which has taken place by TIGTA representatives, also part of the Department of Treasury and because federal employees are not immune from a [*Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1980)] action and because I have been given permission to sue, the court cannot dismiss this cause w/out [sic] allowing me to amend my complaint.

*Id.* (citation omitted).

The district court ruled against Mr. Kennington, agreeing with the magistrate judge's recommendation that his case be dismissed. However, the court concluded that "it is more appropriate to dismiss under 28 U.S.C. § 1915(e)(2)(b)(ii), because the complaint fails to state a claim." R. at 186 (Order & Mem. Decision, dated Sept. 9, 2011). Significantly, the district court was silent regarding Mr. Kennington's request to amend his complaint. By entering its judgment of dismissal, the court effectively denied the request.

As for its rationale supporting the dismissal of the complaint, the district court found that the legal theory underlying Mr. Kennington's complaint was "not entirely clear." *Id.* The court determined that the two most "credible" readings of Mr. Kennington's complaint were that he was "either suing these Defendants for discrimination or because the Department's equal opportunity office did not handle Mr. Kennington's discrimination claims in a manner that satisfied him." *Id.*

Under either reading, reasoned the court, Mr. Kennington had failed to state a viable legal claim. First, as the court saw it, if Mr. Kennington's lawsuit was for "direct discrimination against the Defendants," then he had not stated a viable claim, specifically under *Bivens*, because the allegedly discriminatory conduct that Mr. Kennington complains of was committed by employees of the IRS's Ogden, Utah, office and Mr. Kennington could not hold Mr. Geithner responsible for this discriminatory conduct "solely based upon *respondeat superior*." *Id.* at 187 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In this connection, the district court took judicial notice of the fact that Mr. Kennington previously had brought a separate lawsuit "against the IRS and its employees for discrimination in this district" and that another district court judge had "dismissed that action without prejudice for failure to exhaust administrative remedies." *Id.* The court further took note that Mr. Kennington had unsuccessfully prosecuted an appeal in the Federal Circuit, challenging a decision of the Merit System Protection Board that "it did not have jurisdiction over his claims of discrimination based on the same facts involved in this action." *Id.* The court concluded that "[b]ased on these two cases, it appears that Mr. Kennington is in the process of seeking a remedy against the parties he alleges directly discriminated against him." *Id.*

As for the second "credible" reading of Mr. Kennington's complaint, to the extent that Mr. Kennington's lawsuit "could be construed as one against the [Treasury] because its equal opportunity office rejected his claims," *id.*, the

-4-

district court concluded that Mr. Kennington's complaint failed to state a claim, citing legal authorities that had rejected claims against federal agencies based upon their processing of employment claims, *id.* at 188 (citing, *inter alia*, *Sheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991)).

Mr. Kennington then filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Mr. Kennington stressed that he had facts to support, *inter alia*, his claims of religion-based discrimination under Title VII and retaliation under the False Clams Act. In particular, Mr. Kennington referred to case law that articulated plaintiff's prima facie burden of proof for such claims and recited actions of IRS and TIGTA employees that, in Mr. Kennington's view, demonstrated that he could satisfy his prima facie burden. The court, however, denied relief. The court found that, although Mr. Kennington had made "various arguments asserting that his constitutional rights ha[d] been violated," he had not "address[ed] his failure to sue his former employer or the authorities cited by the court holding that he has no cause of action against the Defendants *he chose to sue*." R. at 208 (Order, dated Oct. 28, 2011) (emphasis added). Mr. Kennington did not renew his request to amend his complaint, and the district court was again silent on the subject of amendment. Mr. Kennington brought this appeal. The defendants expressly declined to file an answer brief.[1]

---

[1]    After filing his opening brief, Mr. Kennington submitted a document that purports to respond to the defendants' written statement of intent not to file
(continued...)

**II**

"We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002); *accord Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines*, 292 F.3d at 1224; *accord Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged *and*

---

[1](...continued)
an answer brief, styled "Response to Notice to Not Respond to Kennington Brief" (hereinafter "Response Brief"). Our clerk's office accepted Mr. Kennington's Response Brief for filing. Later, Mr. Kennington submitted three letters with attachments; he expressly indicated that the letters and attachments were intended to provide us with additional evidence. Although it is questionable whether any of these documents are properly before us, we are comfortable with the handling of the matter by our clerk's office. We have reviewed Mr. Kennington's filed Response Brief and deem it to be in the nature of a reply brief. We have disregarded Mr. Kennington's letter submissions; they are filed in patent disregard of proper procedure. *See* Fed. R. App. P. 28(c) (noting that after appellant's filing of a reply brief, "[u]nless the court permits, no further briefs may be filed"); *see also* 10th Cir. R. 25.2 ("If papers submitted to the circuit clerk do not comply with the Federal Rules of Appellate Procedure and these rules, they may be stricken."); *Nielsen v. Price*, 17 F.3d 1276, 1277 ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

-6-

it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (emphasis added) (quoting *Perkins*, 165 F.3d at 806); *accord Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley*, 246 F.3d at 1284. Although the district courts may permissibly exercise discretion for a variety of reasons in denying leave to amend, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Whether to grant leave to amend is within the discretion of the district court, but the district court must give a reason for a refusal." (citations omitted)); *see also Montana v. Hargett*, 84 F. App'x 15, 18 (10th Cir. 2003) (holding that the district court erred when it "did not address [plaintiff's] motion to amend in any manner"); *Jurgevich v. McGary*, 63 F. App'x 448, 451 (10th Cir. 2003) ("[I]t is error for the district court to deny a motion to amend without supplying a justification.").

We conclude below that Mr. Kennington has not given us cause to question the appropriateness of the district court's decision to dismiss his *current* complaint. However, we are constrained to also conclude that the district court

committed reversible error by effectively denying Mr. Kennington's clear request to amend his complaint without offering any justifying reason.

## A

In his brief on appeal, Mr. Kennington reiterates numerous factual assertions that, in his view, establish violations of his federal statutory and constitutional rights. However, Mr. Kennington never attempts to address the legal reasoning underpinning the district court's dismissal of his lawsuit or the legal authorities that the court cited to bolster its reasoning. Notably, Mr. Kennington does not challenge the district court's characterization of the most plausible theories raised by his complaint.

Although we are obliged to construe Mr. Kennington's filings liberally, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), this showing is not good enough. We are not permitted to act as Mr. Kennington's advocate and fashion legally cognizable arguments for him. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("[W]hile we hold pro se litigants to a less stringent standard, it is not the proper function of the district court to assume the role of advocate for the pro se

litigant."); *see also Kirby v. Dallas Cnty. Adult Prob. Dep't*, 359 F. App'x 27, 31 (10th Cir. 2009) ("[W]e will not assume the role of advocate or address an issue that a pro se litigant fails to discuss in his brief[.]").  Mr. Kennington has given us no grounds to disagree with the district court's decision to dismiss his complaint.

Mr. Kennington does repeatedly object to the district court's decision to dismiss because it did not require the defendants to respond on the merits to his complaint.  But the court was expressly authorized by statute to take this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (noting that the court "shall dismiss the case at *any time*" upon a conclusion that it "fails to state a claim on which relief may be granted" (emphasis added)); *see Curley*, 246 F.3d at 1284 ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."); *see also Banks v. U.S. Marshal*, 274 F. App'x 631, 634 (10th Cir. 2008) (discussing the statutory allowance for sua sponte dismissal of complaints for failure to state a claim); *Jones v. Barry*, 33 F. App'x 967, 971 (10th Cir. 2002) ("reject[ing] [plaintiff's] claim that the district court erred by granting a dismissal sua sponte without notice or a hearing" and noting that "§ 1915(e)(2)(B) allows a district court to dismiss a complaint 'at any time'"). Accordingly, we conclude that Mr. Kennington's objection is without merit.

**B**

Although Mr. Kennington does not give us any reason to question the district court's ruling on his *existing* complaint, that does not end our inquiry. As we have noted, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged *and* it would be futile to give him an opportunity to amend." *Curley*, 246 F.3d at 1281 (emphasis added) (quoting *Perkins*, 165 F.3d at 806). Mr. Kennington faults the district court for not addressing his request to amend his complaint, noting that he sought leave to amend "so that I could sue the individuals if needed." Aplt. Opening Br. at 2; *see* Resp. Br. at 4[2] (noting that the district court did not answer his request to amend his complaint). We are constrained to conclude that the district court did err in failing to address Mr. Kennington's amendment request. In dismissing his complaint and entering judgment, the court effectively denied the request. Doing so (as the court did here) without offering "any justifying reason" constitutes an abuse of the court's discretion. *Foman*, 371 U.S. at 182; *see, e.g.*, *Gates Learjet Corp.*, 823 F.2d at 387.

Taking judicial notice of two other cases involving Mr. Kennington, the district court stated that "it appears that Mr. Kennington is in the process of seeking a remedy against the parties he alleges directly discriminated against

---

[2]     Mr. Kennington did not number the pages of the Response Brief. We assign numbers to the pages based upon their sequential placement in this brief.

him." R. at 187. However, the court did not expressly associate these comments with a denial of Mr. Kennington's amendment request. And, even if it had, the court did not explain why it would be futile for Mr. Kennington to amend his complaint to seek relief against those individual Treasury employees in the *instant* action. In his objections to the magistrate judge's recommendation, Mr. Kennington clearly sought leave to amend his complaint to do precisely that. *See* R. at 154 (noting that "additional retaliation and discrimination . . . has taken place by TIGTA representatives, also part of the Department of Treasury and [that] because federal employees are not immune . . . the court cannot dismiss this cause w/out [sic] allowing me to amend my complaint"). In particular, Mr. Kennington has vigorously argued that, irrespective of his prior litigation, he seeks to bring claims against individual Treasury employees in this action for retaliating against him for engaging in protected whistle-blowing activities. *See* R. at 155 (seeking leave to amend and noting that he was "harassed" after revealing criminal misconduct to government officials); *see also* Resp. Br. at 6 (arguing that, irrespective of his prior litigation, he should be able to seek relief based upon "False Claims . . . protected activity").

Lest there be any doubt, we underscore that we do not opine here on whether Mr. Kennington may succeed in stating claims against individual Treasury employees for whistle-blower violations or violations of any other sort. However, on this record and absent adversarial input from the parties, we cannot

confidently "conclude that the district court's failure to provide reasons for denying the proposed amendment is harmless." *Jurgevich*, 63 F. App'x at 452. Accordingly, we are constrained to hold that the district court committed reversible error.

## III

For the foregoing reasons, while we have no basis to quarrel with the district court's decision to dismiss Mr. Kennington's existing complaint, we must **REVERSE** based upon the court's failure to justify its denial of Mr. Kennington's request to amend his complaint. We **REMAND** the case for further proceedings consistent with this order.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge